## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

ELIZABETH KEY                  *
4041 Mansion Drive, N.W.      *
Washington, D.C. 20007       *
                                          *
                                          *
        Plaintiffs,                *     Civil Action No. _____
                                          *
        v.                         *     **JURY TRIAL DEMANDED**
                                          *
DAVID T. ALLEN              *
11306 Yandell Drive         *
Louisville, Kentucky 40223    *
                                          *
        Defendant              *

## COMPLAINT & JURY DEMAND

COMES NOW the Plaintiff, Elizabeth Key, by and through her attorneys, Richard W. Evans, Esquire, James G. Fegan, III, Esquire and McCarthy Wilson, LLP, and sues the Defendant, David T. Allen, and states:

## PARTIES

1.     Plaintiff Elizabeth Key (herein after sometimes referred to as "Ms. Key" or "Plaintiff"), is an individual residing at 4041 Mansion Drive, N.W., Washington, D.C. 20007.

2.     Upon information and belief, Defendant David T. Allen (herein after sometimes referred to as "Mr. Allen" or "Defendant") is an individual residing at 11306 Yandell Drive, Louisville, Kentucky 40223.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 1332.

4.      The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees.

5.      This Court has personal jurisdiction over the Defendant because he routinely engages in conduct in the State of Maryland out of which some or all of the claims asserted in this Complaint arise.

6.      Venue is properly had in this Court under 28 U.S.C. §1391(b) because the Defendant has and/or continues to have substantial contact with the State of Maryland and some or all of the offending conduct giving rise to this Complaint occurred in the State of Maryland.

## DEFAMATION

7.      The Plaintiff, Ms. Elizabeth Key, is the Daughter of Dr. Joseph P. Allen.

8.      The Defendant, Mr. David T. Allen, is the brother of Dr. Joseph P. Allen.

9.      On or about July 10, 2013, Dr. Joseph P. Allen executed a general durable power of attorney naming Ms. Key as his attorney-in-fact.

10.     On or about November 21, 2014, Dr. Joseph P. Allen executed a second general durable power of attorney again naming Ms. Key as his attorney-in-fact.

11.     Both of these powers of attorney provided Ms. Key with control over Dr. Joseph P. Allen's finances and assets.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

12.     Dr. Joseph P. Allen also executed a medical power of attorney naming his son David C. Allen, as his attorney-in-fact for medical decisions.

13.     Dr. Joseph P. Allen's mental condition proceeded to deteriorate over the ensuing years as a result of his dementia and chronic alcohol abuse, and as a result, he resided in a skilled nursing home facility, Grand Oaks Assisted Living.

14.     In or about the spring and summer of 2019, Defendant allegedly became interested in his brother's medical and financial affairs and began contacting various individuals seeking information that he was not entitled to receive.

15.     During this process and in order to try to bolster his attempts to gather the information, Defendant made defamatory remarks to certain individuals regarding the care Dr. Joseph P. Allen received and how Ms. Elizabeth Key allegedly abused her power of attorney to divert Dr. Joseph P. Allen's assets, all of which was false and is vehemently denied by Ms. Elizabeth Key.

16.     In one such instance, Defendant was attempting to obtain Dr. Joseph P. Allen's tax returns for 2014-2018, and he emailed, called, and texted Mr. William T. Abell ("Mr. Abell"), a CPA with Flynn, Abell & Associates, LLC ("Flynn Abell"), located at 7979 Old Georgetown Road, Suite 550 Bethesda, MD 20814.

17.     As part of the communications Defendant published the following statements to Mr. Abell and others:

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

a.  "In the cc list for this e-mail above is the panel of attorneys/CPA's working on [Joseph P. Allen's] behalf, in an attempt to restore to him the assets which were diverted from his name while he was maintained in an alcohol

and drug-induced haze over the last 3.5 years at Grand Oaks, in Washington, DC."

  b.  "The POA was grossly abused in many ways, while [Joseph P. Allen] was maintained in a fog at Grand Oaks."

18.   Not only do these false statements claim that Ms. Key grossly abused her power of attorney to divert her father's assets out of his name, but they also wrongfully imply that Ms. Key somehow caused Joseph P. Allen to be maintained in an alcohol and drug induced haze at the nursing home so that she could divert his assets from his name., all of which are false.

19.   Defendant also contacted individuals at Brown Investment, Advisory and Trust Company ("Brown"), at 901 S. Bond Street, Baltimore, Maryland 21231, to try and elicit information and documents related to the various financial affairs of Dr. Joseph P. Allen, Bonnie Allen (Joseph P. Allen's wife and the Plaintiff's mother), the Plaintiff and her brother.

20.   In one of these emails, in an attempt to gather information that he was not entitled to receive and in attempt to portray himself as allegedly looking out for Dr. Joseph P. Allen, he published in an email to Ms. Alice Paik of Brown that "Joe and Elizabeth have only spoken on the phone a few times in the last two years, and she never comes to visit," which is also patently false and was known to be false at the time it was made by Defendant to wrongfully portray Plaintiff in a false and defamatory light.

21.   Defendant intentionally, maliciously, recklessly, and/or negligently publicized false statements to the community, including, but not limited to, William

Abell, Flynn Abell, Brown, and Alice Paik, among others, that Plaintiff grossly abused her power of attorney by diverting funds from her father while keeping him in an alcohol and drug-induced haze in a nursing home and that she only spoke with her father a few times on the phone and never visited him, which statements were false and known to be false by Defendant Allen at the time of their publication.

22.    As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff has been caused to suffer gross impairment of her reputation and standing the community, personal humiliation, emotional distress, mental anguish, embarrassment, depression, anxiety, nausea, sleep deprivation, and severe emotional and physical pain and suffering including but not limited to  past, present, and future injuries, losses, and damages, as a direct and proximate result of Defendant Allen's defamatory statements.

**WHEREFORE**, Plaintiff Elizabeth Key demands judgment against Defendant Allen in the amount of Five Hundred Thousand Dollars ($500,000.00), in compensatory damages, One Million Five Hundred Thousand Dollars ($1,500,000.00) in punitive damages, and other related damages, including interest, costs, attorney's fees, and any and all other relief to which this Court finds her entitled.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

Respectfully submitted,

McCARTHY WILSON LLP

By: *//s//  Richard W. Evans, Esquire*
Richard W. Evans, Esquire #12528

*//s//  James G. Fegan, III, Esquire*
James G. Fegan, III, Esquire #20789
2200 Research Boulevard,
Rockville, Maryland 20850
(301) 762-7770
(301)926-7444-facsimile
evansr@mcwilson.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff Elizabeth Key hereby demands a trial by jury on all issues herein.

*/s/ Richard W. Evans, Esquire*
Richard W. Evans, Esquire  #12528

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM